UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE ESTATE OF TERRY GEE, JR., | ) | |
| Deceased, by Special Administrator, | ) | |
| THOMAS BEEMAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-94-WTL-TAB |
| | ) | |
| BLOOMINGTON HOSPITAL AND HEALTH | ) | |
| CARE SYSTEM, INC.; | ) | |
| WYGONDA ROGERS; | ) | |
| CPT. JOHNSON; | ) | |
| SGT. EDWARDS; | ) | |
| JENNIFER ANDERSON, LPN; | ) | |
| TRINA ESTES, LPN; and | ) | |
| GWEN SUNKEL, LPN, | ) | |
| jointly and severally , | ) | |
| Defendants. | ) | |

**ORDER**

This cause is before the Court on a Motion to Dismiss (Docket No. 227) filed by Defendant Bloomington Hospital and Health Care System, Inc. ("the Hospital"), and a Motion for Stay of Proceedings (Docket No. 233) filed by Plaintiff, the Estate of Terry Gee, Jr., Deceased, by Special Administrator Thomas Beeman ("the Estate").  The Court addresses each motion in turn.

**I.  MOTION TO DISMISS**

The Hospital brings its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint, not to resolve the case on its merits.  *See Triad Assoc., Inc. v. Chi. Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004).  In adhering to this notice pleading regime, a plaintiff need not

plead facts as long as the defendant has at least minimal notice of the claim or claims being asserted. Fed. R. Civ. P. 8; *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded factual allegations in the First Amended Complaint and the inferences reasonably drawn from them. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994). However, the Court need not ignore facts set out in the First Amended Complaint that undermine Plaintiff's claim, *see Homeyer v. Stanley Tulchin Assoc.*, 91 F.3d 959, 961 (7th Cir. 1996), nor is the Court required to accept Plaintiff's legal conclusions. *See Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996); *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). The Court may only dismiss the First Amended Complaint if it fails to give Defendant fair notice of what the claims are and the grounds upon which they rest and if the factual allegations are insufficient "to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

Here, it appears that there is some agreement that the Hospital, as a private entity who contracted to provide medical service to the inmates at the Monroe County Jail, could potentially face liability under 42 U.S.C. § 1983 if the Estate could demonstrate that a constitutional deprivation occurred as the result of an express policy or custom or was caused by aa person with final policymaking authority, the same requirement imposed in cases against municipalities. *See, e.g.*, *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n. 6 (7th Cir. 2002). The parties dispute, however, whether the Estate can demonstrate such circumstances in this case. While the Estate must certainly come forward with

some evidence to prove these circumstances at trial, at this stage on a 12(b)(6) motion the Court is only concerned about whether the Estate has sufficiently plead its claims against the Hospital.

The Hospital's assertion that it has not been on put on sufficient notice of the allegations, coming as it does at this late stage of the litigation, is unpersuasive. The Estate alleges *inter alia* that all Defendants (which includes the Hospital) acted under color of law. *See* First Am. Compl., ¶¶ 4, 67, 69. The Estate also asserts that the Hospital is a licensed medical provider that was employed by or acted as an agent of the Sheriff to provide medical care to inmates. *See id.*, ¶ 16. Finally, in addition to ascribing fault to the Sheriff's policy and procedures on medical care, the Estate avers *inter alia* that Defendants failed to train medical personnel to properly determine medical emergencies, knowingly and recklessly hired and trained personnel, and maintained a code of silence to protect the Sheriff and medical staff from liability. *See id.*, ¶¶ 60, 70, 71, 74. These allegations are sufficient to pass muster under Rule 12(b)(6). *See, e.g.*, *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 478-80 (7th Cir. 1997).

Based on the foregoing, the Hospital's Motion to Dismiss is **DENIED**.

## II. MOTION FOR STAY OF PROCEEDINGS

The Estate requests that the Court stay the proceedings pursuant to *Mitchell v. Forsyth*, 472 U.S. 511 (1985), until such time as the interlocutory appeals on the issue of qualified immunity have been resolved. Having addressed the pending motion to dismiss, the Court notes that there are no longer any objections to the Estate's request. Therefore, the Court **GRANTS** the Estate's motion and hereby **STAYS** this cause until the issuance of mandate by the Seventh Circuit.

IT IS SO ORDERED: 09/29/2009

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

Lara Kathleen Cutshall
BUNGER & ROBERTSON
lcutshall@lawbr.com

Sean W. Drew
DREW LAW OFFICE
drewlaw@qtm.net

Geoffrey Nels Fieger
FIEGER FIEGER KENNEY & JOHNSON
info@fiegerlaw.com

Judith Elaine Golitko
GOLITKO LEGAL GROUP P.C.
jg@golitkolegal.com

Matthew M. Golitko
GOLITKO LEGAL GROUP P.C.
mg@golitkolegal.com

Mary Anne Pelic
BUNGER & ROBERTSON
mpelic@lawbr.com

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Richard A. Waples
WAPLES & HANGER
richwaples@aol.com

James L. Whitlatch
BUNGER & ROBERTSON
jwhit@lawbr.com