UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ESTATE OF TERRY GEE, JR., ) <br> Deceased, by Special Administrator, ) <br> THOMAS BEEMAN, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> BLOOMINGTON HOSPITAL ) <br> AND HEALTH CARE SYSTEM INC., ) <br> WYGONDA ROGERS ANP, JENNIFER ) <br> ANDERSON, LPN, TRINA ESTES, LPN ) <br> GWEN SUNKEL, LPN, CPT.  JUDY JOHNSON, ) <br> and SGT. JAMES EDWARDS, Jointly and ) <br> severally, ) <br>  ) <br> Defendants. ) | CASE NO. 1:06-cv-0094-TWP-TAB |

_____

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS ANSWER TO EMERGENCY MOTION FOR PROTECTIVE ORDER AND TO QUASH NOTICE OF DEPOSITION, DOCUMENT 402

Defendants Judy Johnson and James Edwards have filed an emergency motion for a protective order and to quash plaintiff's notice of deposition of Jason Hochman.  Plaintiff asks that this Honorable Court deny defendants' motion because plaintiff intends to take the deposition of Jason Hochman for the purpose of preserving his testimony at trial, defendants will not suffer prejudice, and it is in the furtherance of justice to allow the noticed deposition to take place.  Contrary to defendants' assertions in their brief, Indiana District Courts have recognized the practical distinction between a deposition taken for discovery purposes and a deposition taken to preserve testimony for trial (also referred to as a de bene esse deposition).  Accordingly, it has been the practice in this jurisdiction's district courts to allow taking depositions to preserve testimony for trial well after discovery cutoff date, as the deposition *is not taken for discovery*

*purposes*. As will be discussed below, all of defendants' arguments to preclude taking Jason Hochman's deposition are without merit, and defendant's emergency motion should accordingly be denied and plaintiff should be allowed to proceed with the noticed deposition.

A.      **Plaintiff Properly Seeks to Depose Jason Hochman to Preserve His Testimony for Trial and the Noticed Deposition Should be Allowed to Go Forward**

"Although the Federal Rules of Civil Procedure do not clearly differentiate between [discovery deposition and deposition to preserve testimony for trial], this distinction is generally recognized by the courts in this judicial district." *Spangler v. Sears, Roebuck & Co.*, 138 F.R.D. 122, 124 (S.D. Ind. 1991) (footnote omitted). Although "there is virtually no law to be found articulating the character of a trial deposition as opposed to a discovery deposition. . .this distinction goes beyond the lore or myth surrounding the practice of litigation in the federal courts. The difference is recognized in the daily practice of these courts, and is commonly accepted by the members of the bar who frequently practice here." *Id.* Federal District Courts in Indiana have recognized the distinction between a deposition take for purposes of discovery and a deposition taken to preserve testimony for trial:

> During the discovery period, the parties may obtain discovery of anything that may lead to relevant evidence through a variety of tools. Federal Rule of Civil Procedure 26(b)(1). *As one tool of discovery*, Federal Rule of Civil Procedure 32(a)(4)(C), permits parties to take depositions of anyone whose testimony may lead to relevant, admissible evidence. Because discovery is conducted for the purpose of gathering new information, some courts have drawn a distinction between depositions taken during the course of discovery with the goal of ascertaining new information, and trial depositions taken to preserve information that the party already has knowledge of, but would be otherwise unavailable. *Spangler v. Sears, Roebuck and Co.*, 138 F.R.D. 122, 124-25 (S.D.Ind.1991); *Charles v. Wade*, 665 F.2d 661, 665 (5th Cir.1982). *The courts that have recognized the practice of taking trial depositions have found them to be outside the scope of discovery and not bound by the court's scheduling order because they differ from discovery depositions.* *Spangler*, 138 F.R.D. at 125; *Charles*, 665 F.2d at 665.

>*Bamcor LLC v. Jupiter Aluminum Corp.*, 2:08 CV 194, 2010 WL 4955545 (N.D. Ind. Nov. 29, 2010) (emphasis added).

"As a matter of custom or practice, this occurs in many, if not most, of the cases which go to trial in this court. Thus, while a party may not propound interrogatories, submit requests for admissions, seek production of documents or things or seek to amend its pleadings based on newly discovered materials after the discovery cut-off, a party may still prepare for trial by taking the depositions of witnesses whose unavailability for trial is anticipated." *Spangler v. Sears, Roebuck & Co.*, 138 F.R.D. 122, 124 (S.D. Ind. 1991).

In the event that a party opposes a deposition to be taken to preserve trial testimony, a Court must evaluate whether the deposition to be taken after the discovery cut-off date is in fact being taken to preserve testimony from trial, or is pretext to take a discovery deposition. *Id; Charles*, 665 F.2d at 665. "The court should consider a variety of factors in making this determination, including the unavailability of the witness for trial, the potential for prejudice to the opposing party, and whether the deposing party knew the information the potential witness would testify to prior to the deposition." Attached Plaintiff's Exhibit 1 *Bamcor LLC v. Jupiter Aluminum Corp.*, 2:08 CV 194, 2010 WL 4955545 (N.D. Ind. Nov. 29, 2010). Defendants do not contest that plaintiff is seeking a deposition to preserve trial testimony, and make no argument that the deposition is an impermissible discovery deposition. Here, all three factors indicate that plaintiff is in fact seeking the deposition of Jason Hochman to preserve testimony at trial, and the deposition should be allowed.

First, there is no question that Jason Hochman is an "unavailable witness." As defendants concede, Jason resides in Houston, Texas and is well beyond 100 miles from the place of trial. There is no allegation that plaintiff has procured or in any way influenced

3

Hochman's residence in Texas. Accordingly, Hochman is an "unavailable witness" according to the plain language of Fed. R. Civ. P. 32(a)(4)(B). Defendants try to confuse the issue by stating that "[t]his is not a case where a witness within the Court's jurisdiction became "unavailable" for trial." This rationale has no bearing on whether Hochman is an unavailable witness. In fact, the very nature of depositions taken for purposes of preserving testimony for trial anticipates that the deposition may not be taken until close to trial because the unavailability of the witness becomes known through the process of trial preparation. As the *Spangler* Court enunciated "[i]ndeed, in many instances a witness' unavailability for trial will not be known until shortly before the trial. It would make little sense to force litigants months before trial to face the perilous choice of paying for potentially unnecessary depositions or risking the loss of important trial testimony." *Spangler v. Sears, Roebuck & Co*., 138 F.R.D. 122, 126 (S.D. Ind. 1991). Thus, Hochman is an indisputably "unavailable witness" and procuring his deposition to preserve his testimony for trial is appropriate.

Second, there is no risk of prejudice against the defendants if the deposition to preserve the testimony for trial is taken. Defendants have been on notice that plaintiff intends to call Jason Hochman as a witness. Hochman has been listed as a potential witness on all of plaintiff's witness lists and his affidavit was used to support plaintiff's opposition to defendants' motion for summary judgment. This is not an attempt to "ambush" defendants with a newly discovered witness. Defendants had the option to take a discovery deposition of Hochman in order to ascertain the content of his testimony if they chose to do so. Defendants' tactical decision not to depose Hochman is not plaintiff's concern. Moreover, plaintiff's counsel has gone out of his way to secure a Court Reporter's office which has the ability to provide video conferencing in order to facilitate defense counsels' participation in the deposition, if they so choose. Defense

counsels have ignored plaintiff's overtures and instead resist the deposition in its entirety. However , they will suffer no prejudice and, if fact, if the deposition were not to be allowed, plaintiff would be materially prejudiced:

> Despite the common use in this district of trial depositions taken after the discovery cut-off, defendants seek relief from the currently scheduled depositions. However, it is likely that counsel for the plaintiffs was relying on the longstanding customs and practices of this court in deferring the taking of these depositions until shortly before trial. It would be unfair to invalidate such a well established practice in a retroactive fashion. Such a result would impose an unfair tactical disadvantage on the plaintiffs, contrary to the purpose of the Federal Rules of Civil Procedure and the pretrial process utilized in this district.

*Spangler v. Sears, Roebuck & Co.*, 138 F.R.D. 122, 125 (S.D. Ind. 1991).

Accordingly, this factor also militates in favor of this Court allowing the deposition of Jason Hochman to go forward, and denying defendants' motion for protective order and to quash plaintiff's notice of deposition.

Lastly, it is undisputed that plaintiff knows the information that Hochman will most likely testify to, and is not seeking the deposition to ascertain the content of his testimony. As stated before, plaintiff used an affidavit from Hochman to support his opposition to defendants' motions for summary judgment. Defendants do not allege that plaintiff is improperly trying to procure a discovery deposition. Accordingly, this factor also militates in favor of allowing plaintiff's noticed deposition to go forward. Plaintiff asks that this Court deny defendants' emergency motion and allow the noticed deposition to proceed.

**B.     Defendants' Arguments in Support of Their Emergency Motion Are Meritless**

First, plaintiff takes issue with the manner in which defendants have chosen to present the applicable law to this Court. Defendants rely heavily on *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, (11th Cir. 2002), for their assertion that a discovery deposition and a deposition to

5

preserve testimony for trial should be treated in the same manner. However, in addition being outside of this jurisdiction and nothing more than persuasive authority, the factual circumstances presented in *Chrysler* are markedly different from the circumstances presented in this case. In *Chrysler,* the district court had made clear by order that *all* depositions would be subject to the same timing restrictions, including the de bene esse deposition that plaintiff was trying to procure. *Chrysler*, 280 F.3d at 1362. Accordingly, the 11th Circuit held that the trial court did not abuse its discretion by forcing plaintiff to adhere to its scheduling order, despite the fact that the deposition sought was not a discovery deposition. The Court recognized that "[a]t the heart of this case is the authority of the district court to control the pace of litigation before it. At the outset, we stress the broad discretion district courts have in managing their cases. See *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir.2001) ( "[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.")." *Chrysler*, 280 F.3d at 1360.

The facts of this case are more analogous to *Charles v. Wade*, 665 F.2d 661 (5th Cir. Unit B 1982), a 5th Circuit case which allowed a de bene esse deposition to be taken after discovery cutoff. *Chrysler* distinguished *Charles*:

> Chrysler's reliance on *Charles v. Wade*, 665 F.2d 661 (5th Cir. Unit B 1982), is misplaced. Chrysler is correct that the *Charles* court saw an abuse of discretion in the trial court's denial of a request to take, after the discovery deadline, a deposition of testimony for use at trial. But the facts of Charles are materially different from this case.. . .In Charles, the reason given by the district court for denying permission to take the deposition was simply that the discovery period had closed. *Id*. at 664. Nothing in Charles suggests that the plaintiff delayed in setting the deposition of a known witness. Also, at no time before the discovery period had closed had the district court in Charles given any indication to the parties that it intended to treat all depositions—whether for discovery or for use at trial—in the same fashion for timing purposes.
>
> *Chrysler*, 280 F.3d at 1360-61 (11th Cir. 2002).

The circumstances in this case are more analogous to *Charles* than to *Chrysler*. First, there is no order by this Court that directs that ALL depositions be taken before the discovery cutoff date. Additionally, as discussed in detail in Section A, the District Courts in the Southern District of Indiana have long recognized that depositions to preserve testimony for trial are allowed, and by their very character will be taken close to the date of trial. It is curious that defendants rely on law from a factually disparate 11th Circuit case and various district court opinions in other jurisdictions, but ignore law articulated in a factually similar 5th Circuit case and decidedly on point district court opinions from this jurisdiction. Defendants' recitation of the law that is applicable to this matter is not persuasive.

Defendants assert that plaintiff have unduly delayed in noticing and taking the deposition. This is not the case. In the course of trial preparation, plaintiff's counsel ascertained that Hochman will not be available for trial and gave notice to defense counsel that a de bene esse deposition would be taken on February 23,2011, well over a month before the date of trial. Plaintiff's counsel gave defense counsel a couple of viable dates to work with schedules. However, defense counsel responded to plaintiff's overtures with an aggressive, blanket denial that a deposition be allowed.

Fed. R. Civ. P. 30 provides that the deposition at-issue in this case may be taken, without leave of court, so long as reasonable notice is provided. Plaintiff understands that the noticed deposition is close to the date of trial; however, defendants are not disadvantaged by this fact. Defense counsel will either learn the scope of the testimony a few days before trial (via a de bene esse deposition) or would learn it *at trial* (via in-person witness testimony). It defies logic to argue that learning of the testimony to be provided *before* the trial will hamper trial preparation in lieu of learning the information at trial. In fact, it is reasonable to assume that defendants' trial

strategy will be helped by the fact that they will be able to ascertain the scope of Hochman's testimony before the trial. Again, because the deposition is one to preserve Hochman's testimony for trial, it is necessarily scheduled close to the date of trial because plaintiff ascertained that Hochman would be unavailable through trial preparation. Defendant's reliance on Fed. R. Civ. P. 26(a)(3)(A)(ii) is misplaced. Although they are correct in asserting that the rule provides that plaintiff must designate the testimony to be provided by deposition, Fed. R. Civ. P. 26(a)(3)(B) states that the disclosures must be made 30 days before trial. Plaintiff has complied in that he has designated, more than 30 days before trial, that Hochman is a witness whose testimony will be presented by deposition. Defendants will not disadvantaged by Hochman's de benne esse deposition.

Defendants' chief, and in plaintiff's opinion least persuasive, argument in favor of a protective order and order to quash is that plaintiff was successfully able to forestall defendants from reopening discovery and taking discovery depositions of plaintiff's expert witnesses. Defendant is essentially presenting a "what is sauce for the goose is sauce for the gander" argument, asking the court to deny plaintiff an opportunity to depose a witness because defendants were not allowed to depose expert witnesses after the discovery cutoff date. However, defendants' argument is based on a flawed premise, to wit, that a deposition taken for purposes of discovery is in essence the same as a deposition taken to preserve testimony at trial. As discussed in detail above in Section A, a discovery deposition is ***not*** the same as a deposition taken to preserve testimony for trial, and this jurisdiction has long recognized the difference and has routinely allowed the latter to be taken after discovery cutoff dates. Defendants' argument mixes apples and oranges, and should be disregarded.

WHEREFORE, the Plaintiff, the Estate of Terry Gee, Jr., Deceased, by Special Administrator Thomas Beeman, respectfully requests this Honorable Court to deny the Defendant's Motion for Protective Order and to Quash Notice of Deposition, and the De Bene Esse Deposition of Jason Hochman should proceed as noticed out by Plaintiff and for all other further relief as is just and equitable.

Respectfully submitted,

DREW LAW OFFICE

Dated:  March 2, 2012

/s/Sean W. Drew
Attorney for the Plaintiff
Drew Law Office
302 Sycamore, P.O. Box 880
Niles, MI 49120
269.683.5121 ph
269.683.2195 fx
drewlaw@qtm.net

and

Geoffrey N. Fieger (P30441)
FIEGER FIEGER KENNEY GIROUX & DANZIG
19390 West Ten Mile Road
Southfield, MI  48075-2463
248.355.5555 ph
248.355.0246 fx
g.fieger@fiegerlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2nd day of March, 2012, a copy of this document was filed electronically.  Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                Respectfully Submitted,

                                                DREW LAW OFFICE

Dated:  March 2, 2012                    /s/ Sean W. Drew
                                                Attorney for Plaintiff
                                                302 Sycamore, P.O. Box 880
                                                Niles, MI 49120
                                                (269) 683-5121 ph
                                                (269) 683-2195 fx
                                                drewlaw@qtm.net

James L. Whitlach
jwit@lawbr.com
Maryanne Pelic
mpelic@lawbr.com
BUNGER & ROBERTSON
PO BOX 910
226 S. COLLEGE SQ.
BLOOMINTON IN, 47404-0910

JAMES S. STEPHENSON
jstephenson@stephlaw.com
STEPHENSON MOROW & SEMLER
3077 E. 98TH ST. SUITE 240
INDIANAPOLIS , IN 46280